IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-76-BO

| | | |
|---|---|---|
| HAZEL G. HARGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motions to Dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Defendant argues that this Court lacks subject matter jurisdiction because the Government's waiver of sovereign immunity only extends to the filing deadline, which Plaintiff inexcusably failed to meet, or, alternatively, that Plaintiff failed to state a claim upon which relief can be granted due to her untimely filing. Plaintiff argues that sovereign immunity does not preclude her claim because equitable tolling is justified. For the reasons stated below, Defendant's Motion to Dismiss is DENIED.

I.  SUMMARY OF THE INSTANT DISPUTE

Plaintiff applied for Social Security Disability Benefits and Supplemental Security Income on October 16, 2003. The agency denied Plaintiff's applications both initially and upon reconsideration. Plaintiff's case was heard in front of an Administrative Law Judge ("ALJ") on November 1, 2005, and the ALJ issued an unfavorable decision on April 24, 2006. On June 9,

2006, Plaintiff requested review of the ALJ's decision and Plaintiff's non-legal representative promised delivery of new evidence to the Appeals Council within the next 45 days. On July 26, 2006, the Appeals Council denied Plaintiff's request for review.

On August 4, 2006, Plaintiff's non-legal representative faxed the Appeals Council a request that it vacate its July 26, 2006, decision and allow Plaintiff to submit new and material evidence. On December 27, 2006, the Appeals Council denied Plaintiff's request to reopen and amend the ALJ's decision, explaining that it had delayed ruling on Plaintiff's request for review due to Plaintiff's representative's assertion that he would submit new evidence within 45 days, but that such new evidence had not been submitted.

On January 11, 2007, the Appeals Council issued a second notice denying Plaintiff's request for reopening, in which it granted Plaintiff 30 days from the date of the notice to file a civil action, making Plaintiff's deadline February 15, 2007.[1] Plaintiff's counsel was first contacted on February 13, 2007. On February 14, 2007, Plaintiff's counsel sent a certified letter to the Commissioner requesting additional time in which to file a Complaint. The Commissioner received counsel's letter on February 20, 2007. Plaintiff filed her Complaint on February 21, 2007.

On April 30, 2007, Defendant filed a Motion to Dismiss for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Upon discovering that the Office of Disability Adjudication & Review ("ODAR") in Falls Church, Virginia, had failed to rule on Plaintiff's request for

---

[1] This date was calculated based on the 30 days provided by the Appeals Council and the regulatory presumption that notice was received five days after the date of the decision. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

additional time to file in Federal Court, this Court issued an order on June 22, 2007, staying the proceedings pending ODAR's decision.

On June 12, 2007, ODAR sent a letter to Plaintiff's counsel denying Plaintiff's request for an extension of time. The stay was lifted and a hearing was conducted in Raleigh, North Carolina on October 31, 2008.

II. DISCUSSION

There are two issues: (1) whether the 60-day limit is a jurisdictional limit and a condition on the waiver of sovereign immunity that prohibits Plaintiff's filing; and (2) whether equitable tolling is appropriate in Plaintiff's circumstances.

A. Although the 60-day limit is a condition on the waiver of sovereign immunity, the application of equitable tolling is fully consistent with the overall congressional purpose and may be considered by the Court.

Defendant contends that the 60-day limitation on presenting claims to the District Court pursuant to 42 U.S.C. § 405(g) ("§ 405(g)") presents a jurisdictional limitation. However, "[t]his argument is foreclosed by two of [the Supreme Court's] prior decisions that have declared that the 60-day requirement [embodied in § 405(g)] is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *see Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

Though not a jurisdictional limit, the 60-day limit is a condition on the waiver of sovereign immunity and must be strictly construed. *Bowen*, 476 U.S. at 479. However, "[a]ccepting this proposition... does not answer the question whether equitable tolling can be

applied to this statute of limitations, for in construing the statute we must be careful not to assume the authority to narrow the waiver that Congress intended or construe the waiver unduly restrictively." *Id* (internal quotations and citations omitted).

The Court will apply traditional equitable tolling principles where consistent with congressional intent. *See Honda v. Clark*, 386 U.S. 484 (1967); *see also Bowen*, 476 U.S. at 479. In the context of § 405(g), "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id* (citing *Eldridge*, 424 U.S. at 330). In such cases, the "application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress." *Bowen*, 476 U.S. at 480 (internal quotations and citations omitted). Therefore, equitable tolling principles are applicable in the § 405(g) context and will be applied, if appropriate, by the Court.

> B. Equitable tolling is justified in Plaintiff's case because the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.

"[T]olling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (quoting *Bowen*, 476 U.S. at 479). "Although the Secretary usually retains the authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id* (quoting *Bowen*, 476 U.S. at 480). There are three reasons equitable tolling is appropriate here: (1) Plaintiff diligently pursued her claim; (2) Plaintiff's case merited reopening pursuant to 20 C.F.R. §§ 404.970(b),

416.1470(b); and (3) both Defendant and Plaintiff would be harmed by dismissing Plaintiff's Complaint as untimely.

First, Plaintiff consistently sought to preserve her rights. Plaintiff timely requested reconsideration of the initial denial, she timely requested a hearing, she timely requested review from the Appeals Council, she timely requested the Appeals Council reopen her case, and, upon discovering that her representative was not an attorney, she sought out counsel within the time limit proscribed by the Appeals Council in its January 11, 2007, notice. Her attorney requested an extension of time in which to file the Complaint and filed the Complaint within a week of his first contact with Plaintiff. Both Plaintiff's actions and those of her attorney represent diligent pursuit of Plaintiff's claims.

Second, Plaintiff's case merited reopening by the Appeals Council. Plaintiff informed the Appeals Council on multiple occasions that she had new and material evidence in requesting that her case be reopened. New and material evidence is one reason that the Appeals Council may reopen and change a determination or decision. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, due to a misunderstanding by Plaintiff's non-legal representative, this new and allegedly material evidence was not delivered prior to the Appeals Council's decision and Plaintiff's case was not reopened. Even after being informed of the circumstances surrounding Plaintiff's failure to provide the new records, the Appeals Council refused to reopen Plaintiff's case.

Third, both Defendant and Plaintiff would be harmed by dismissing Plaintiff's Complaint as untimely because it would require both parties to repeat the claims process. The dismissal of Plaintiff's claim would not save the agency time and expense, but rather would require both

Plaintiff and Defendant to expend more money and time. Dismissal would result in Plaintiff's return to the process of applying for social security benefits, a process which demands the time and resources of the agency and its employees as well as Plaintiff's time and resources. Thus, in arguing for dismissal, the Commissioner essentially argues that the preferable route in the present case is an unnecessary loop back through the agency proceedings rather than a single argument on the merits before this Court. Certainly deference to the agency's judgment is inappropriate when such deference would result in a plaintiff proceeding anew through the social security application process when she diligently pursued her claim, had legitimate arguments for reopening her case, and contacted an attorney within the allotted time for filing.[2] Therefore, this Court finds that equitable tolling is appropriate and Plaintiff's claim is timely.[3]

III. CONCLUSION

Although the 60-day limit is a condition on the waiver of sovereign immunity, the application of equitable tolling is consistent with the overall congressional purpose and may be

---

[2] It is also of considerable interest that the Supreme Court has specifically noted that Plaintiff's circumstances are the type that warrant an extension of time. Under the SSA, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information. *Bowen*, 476 U.S. at 480 n.12; *see* 20 C.F.R. §§ 404.911, 416.1411 (1985). This precise situation is presented before this Court. Plaintiff did not understand that her requests to reopen the case had no effect on the limitations period. Additionally, Plaintiff did not realize that her initial representative was not an attorney until just prior to contacting her current counsel. Upon making this discovery, Plaintiff sought counsel and presented her case to her attorney just one day prior to the filing deadline, which did not provide Plaintiff's counsel sufficient time to collect the necessary information for filing the Complaint.

[3] Note that this Court could also set aside ODAR's denial of the extension of time because it constituted an abuse of discretion. A Court may hold unlawful and set aside agency action, findings, and conclusions found to be an abuse of discretion. 5 U.S.C. § 706(2)(A).

considered by this Court. Equitable tolling is appropriate because Plaintiff consistently sought to preserve her rights, Plaintiff's case merited reopening by the Appeals Council, and dismissal would result in detriment to both Plaintiff and Defendant. Accordingly, Plaintiff's Complaint is timely and Defendant's Motions to Dismiss are DENIED.

SO ORDERED, this ___ day of December 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE